ALBERT E. MOORES

*vs.*

THE BANGOR AND AROOSTOOK RAILROAD COMPANY.

Aroostook.   Opinion September 12, 1925.

*A carrier is liable only where the loss occurs on its lines, for linings of a car and stove furnished by the shipper, provided the carrier has fulfilled the provision in its tariff rates, in securing the consent from connecting lines to pay the loss or damage, and was refused, such stove and linings not being a part of the shipment within the meaning of the Interstate Commerce Act.*

On report on an agreed statement.   An action to recover for the loss of linings to a freight car and a stove furnished by the plaintiff to equip a car of defendant's against freezing to be loaded by plaintiff with potatoes for shipment, under a contract that defendant was not to be liable for loss not occurring on its own lines. · The loss did not occur on the lines of defendant but on lines of connecting carriers. Judgment for the defendant.

The case fully appears in the opinion.

*N. Tompkins,* for plaintiff.

*Henry J. Hart, Frank P. Ayer, James C. Madigan and Cook, Hutchinson & Pierce,* for defendant.

SITTING:   WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, JJ.

WILSON, C. J.   An action based on an alleged contract to return to the plaintiff at Dyer Brook, Maine, for his use in shipping potatoes, a so-called "lined" car previously fitted by him with linings and a stove and consigned by him with a shipment of potatoes for parties in Boston, Massachusetts.   The case is before this court on an agreed statement with a stipulation as to the judgment to be entered, if defendant is found liable.

An ordinary box car, No. 67,547, was, in December, 1919, furnished to the plaintiff by the Director General of Railroads to be lined and equipped with a stove by the plaintiff for his use during the potato-

shipping season of 1919-1920, subject to such tariff regulations as had been approved by the Interstate Commerce Commission in case of interstate shipments and under an agreement entered into between the plaintiff and the Director General, which agreement was assumed by the defendant Railroad when the railroads were restored to their owners March 1, 1920.

On April 9, 1920, car No. 67,547 was loaded with potatoes by the plaintiff for parties in Boston but consigned to himself. The car was received by the defendant and transported over its own lines and by connecting carriers and the potatoes delivered to the parties for whom the shipment was intended. The party receiving the potatoes in Boston unloaded the car and then reconsigned in the same car a part of the shipment to parties in Pittsburg, Penna., from which point the car with its contents was again reconsigned to Akron, Ohio. At some point west of Pittsburg, it is admitted, the stove and lining were removed from the car, and neither the car, nor the stove and linings, have ever been returned to the plaintiff at the point of the original shipment.

While, by the terms of the agreement between the plaintiff and the Director General, all such cars when once billed by a shipper may not be diverted or reconsigned, except in accordance with the rules and regulations of the defendant, what the rules and regulations of the defendant railroad were in this respect does not clearly appear in the agreed statement.

However, according to the stipulations in the agreed statement the plaintiff apparently seeks only to recover of the defendant for the loss of the linings and stove, and as to these it was expressly stipulated in the tariff rules of the defendant covering such shipments that it would not be responsible for the loss or damage to any linings or stove occurring on any connecting lines, but was only bound to use every possible effort to secure authority from its connecting carriers to pay for the same, which, it is admitted, the defendant has done, but has been denied the authority.

Under its tariff rules, the defendant, therefore, can be liable only for loss of or damage to stoves and linings of "lined" cars occurring on its own lines. Such equipment cannot be held to be any part of the shipment or property received for transportation within the meaning of the Interstate Commerce Act. No charge is made for its transportation with the shipment.

The court is unable to determine from the agreed statement what the rights of the parties may be by reason of any alleged failure to return the car; and under the stipulations of the parties as to a judgment based upon loss of stove and linings, the entry must be:

*Judgment for the defendant.*

BARNES, J., having been of counsel did not participate.