Bott Brothers Manufacturing Company, Appellant, v. Chicago, Burlington & Quincy Railroad Company, Appellee.

No. 41524.

October 19, 1932.

J. O. Boyd and Bertha L. Pflug, for appellant.

W. D. Eaton, J. C. Pryor, and Sawyer & Norman, for appellee.

Faville, J.—The appellant alleges in its petition that on or about the 24th day of August, 1925, it delivered to the appellee at Alexandria, Mo., a certain freight car belonging to the appellant. Said car was a box car, suitable for the transportation of barrels. At said time said car was in good repair, and it is alleged that in September following the appellee returned said car to the appellant in a damaged condition. Appellant seeks to recover damages by reason of the injuries to said car. The cause was submitted almost entirely upon an agreed statement of facts. It appears therefrom that the appellant is engaged in the manufacture of barrels at Alexandria, Mo., and the appellee is engaged in the operation of

a railroad; that the car in question was loaded and consigned to the Springdale Vinegar Co. at Springdale, Ark., and said car and its contents were turned over to the appellee so consigned, and appellee issued to appellant its uniform bill of lading indicating the route of said car over the appellee railroad and over a connecting carrier referred to in the record as the "Frisco Line." The bill of lading, by its terms, provides that the appellee "agrees to carry to its place of delivery at said destination, if on its own road or its own water line, otherwise to deliver to another carrier on the route of said destination."

It is stipulated that the appellee received said car under said bill of lading and transported the same on its railroad lines to St. Louis, Mo., where it was delivered to a terminal association, which in turn delivered the same to the said Frisco Line. It also appears by stipulation that the Frisco Line delivered said shipment to the consignee at Springdale, Ark., and that the Frisco Line undertook thereafter to haul the empty car back over its line from Springdale, Ark., to St. Louis, Mo.; that it did so and there redelivered the car to the appellee company to be hauled over its lines from St. Louis, Mo., to the point of origin at Alexandria, Mo., and that while the car was being so hauled by the Frisco Line it was injured. It is agreed that all the damages complained of to the car occurred while the car was in the possession of or on the line of the Frisco road on the return trip, and before delivery to the appellee by the Frisco Line at St. Louis. It is further stipulated that the appellee paid the appellant for the use of said car at the rate of six-tenths of one cent per mile for the haul from Alexandria to St. Louis, and from St. Louis back to Alexandria, and that the Frisco paid the appellant for the use of the said car the same amount for the haul from St. Louis, Mo., to Springdale, Ark., and return to St. Louis.

In addition to the stipulated facts, certain evidence was offered by oral testimony which pertained largely to the cause and nature of the damage to the car and the value of repairs.

Both parties having rested, the appellee moved the court to dismiss the appellant's petition upon several grounds. The court entered an order which recites that:

"The court finds that under the testimony in this cause the plaintiff is not entitled to recover, and therefore upon the second

ground of the motion for a dismissal of said cause, said motion is sustained."

The second ground of said motion was: "That there is no sufficient evidence of record to warrant a judgment for the plaintiff [appellant]."

There is nothing whatever in the record in this case to show any contract or arrangement of any kind between the parties to said action in respect to the return of said car from its point of destination to the appellant. The car was delivered to the appellee consigned to a certain party at Springdale, Ark. The bill of lading showed that the car was to be transported over the line of the appellee from its point of origin to St. Louis, Mo., and thereafter over the Frisco Line to the place of consignment. There is not a word in the evidence to show any contract of any kind or character on the part of the appellee in respect to the returning of said car to the appellant. Appellant seeks to recover damages on the theory of a bailment. It contends that it delivered the car in question to the appellee as bailee, and that the appellee is responsible to the appellant for the return of the car in as good condition as it was when delivered to the appellee as bailee. The record in the case does not sustain appellant's contention in this regard. It is conceded that the appellee received the car from the appellant for the purpose of transportation to St. Louis and delivery to a connecting carrier that was to transport it to the point of consignment. In other words, if the relationship of the parties constituted that of bailor and bailee, the appellee under this record was a bailee for the purpose of transporting the car to St. Louis and delivering it to the Frisco Line. This duty the appellee fully performed, and there is no claim that any damage resulted in such performance. It is conceded that the car was injured while in the possession of the Frisco Line on the return trip. The record is absolutely silent as to the arrangement under which the car was being returned to the appellant, and it affirmatively appears that in any event no damage whatever occurred to the car while in the possession of the appellee company. Upon the appellant's own theory of a bailment it does not appear that the appellee could be held liable for the reason that so far as the record discloses the bailment was for the specific purpose of delivery of the car in question to the connecting carrier and this was done without injury.

We have been cited to no case directly in point, but upon

general principles, and under the record in this case, we are of the opinion that the appellant failed to establish any right of recovery against the appellee. The action of the trial court in dismissing the petition because of the insufficiency of the evidence to warrant a judgment for the appellant was correct. As bearing somewhat upon the question involved, see Missouri Pac. Ry. Co. v. Chicago & A. Ry. Co., 25 Fed. Rep. 317; Mooers v. Bangor & A. R. Co., 130 Atl. 241 (Me.).—Affirmed.

STEVENS, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.